**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DON THOMISON AND JESSICA THOMISON,** | § § § | |
| *Plaintiffs,* | § § | Civil Action No. 5:23-cv-00411 |
| **v.** | § § | |
| | § | **JURY** |
| **MERIDIAN SECURITY INSURANCE COMPANY,** | § § § | |
| *Defendant.* | § § | |

**DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant MERIDIAN SECURITY INSURANCE COMPANY ("MERIDIAN") respectfully invokes the Court's federal diversity jurisdiction under 28 U.S.C. §1332 and hereby serves notice of its removal of this case from the 454th Judicial District Court in Medina County, Texas, under 28 U.S.C. §1441 and §1446. Complete diversity of citizenship exists between the Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. MERIDIAN is not a citizen of the State of Texas and may permissibly remove this case to federal court.

**I. NATURE OF THE SUIT**

1.      This is a civil lawsuit as a result of a disputed insurance claim in which Plaintiffs affirmatively seek "monetary relief less than $250,000.00, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." See Plaintiffs' Original Petition filed herewith as Exhibit 2.A. at paragraph 69. The dispute pertains to the amount of covered property damage allegedly suffered by the Plaintiffs as a result of a weather event that occurred

about May 11, 2021. Because this suit arises out of an insurance claim for damage to covered property caused wholly or partly by forces of nature, this suit is therefore subject to Chapter 542A of the Texas Insurance Code.

2.      Plaintiffs contend it is entitled to certain disputed insurance benefits under a property and casualty policy issued by MERIDIAN. Plaintiffs contend MERIDIAN has allegedly committed the following acts: a breach of the insurance contract, noncompliance with certain provisions of Chapters 541 and 542 of the Texas Insurance Code, violations of certain provisions of Chapter 17 of the Texas Deceptive Trade Practices Act ("the DTPA"), and breach of the duty of good faith and fair dealing.

## II. PROCEDURAL BACKGROUND

3.      On February 17, 2023, Plaintiffs originally filed this suit in the 454th District Court of Medina County, Texas, in Cause No. 23-02-28217-CV, styled *Don Thomison and Jessica Thomison v. Meridian Security Insurance Company* ("the State Court Action"). See Plaintiffs' Original Petition filed herewith as Exhibit 2.A.

4.      MERIDIAN was served with legal process in this matter on March 6, 2023. See the citation served on MERIDIAN filed herewith as Exhibit 1.

5.      MERIDIAN filed its Original Answer, General and Specific Denials, Affirmative Defenses and Special Exceptions on March 23, 2023, filed herewith as Exhibit 2.B.

## III. REMOVAL IS TIMELY

6.      In compliance with 28 U.S.C. §1446(b)(1), this Notice of Removal is being filed within thirty (30) days of the March 6, 2023, date of service of the Plaintiffs' Original Petition in the State Court Action on MERIDIAN'S registered agent, CSC.

7.      Furthermore, in compliance with 28 U.S.C. § 1446(c)(1), this Notice of Removal

is being filed within one year of the date that the State Court Action was filed in state court. See the citation served on MERIDIAN filed herewith as Exhibit 1, affirmatively stating that the State Court Action was filed on February 17, 2023. See also, the filing date stamp on the Plaintiffs' Original Petition filed herewith as Exhibit 2.A. This Notice of Removal therefore is timely in all respects.

## IV. <u>VENUE IS PROPER</u>

8. Venue is proper in this Court under 28 U.S.C. § 1446(a) because this district and division encompass the venue where the State Court Action is pending, i.e., Medina County, Texas. See Plaintiffs' Original Petition filed herewith as Exhibit 2.A at paragraph 5.

9. Venue also is proper in this Court under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the State Court Action allegedly occurred in Medina County, Texas, a county within this federal district and division. See Plaintiffs' Original Petition filed herewith as Exhibit 2.A. at paragraph 4.

10. The insureds property for which the disputed insurance claim was submitted is in Medina County, Texas. See Plaintiffs' Original Petition filed herewith as Exhibit 2.A. at paragraph 5.

## V. <u>DIVERSITY JURISDICTION IS PRESENT</u>

11. This Court may properly exercise its diversity jurisdiction under 28 U.S.C. §1332, as this is a civil action where there is complete diversity of citizenship between all parties *who are properly joined,* and the matter in controversy exceeds $75,000, exclusive of interest and costs.

**A.  <u>Complete Diversity of Citizenship Among the Parties Is Present</u>**

    **1.  Plaintiffs are Texas Citizens**

12. Plaintiffs, Don Thomison and Jessica Thomison, are individuals residing in

Medina County, Texas. See Plaintiffs' Original Petition filed herewith as Exhibit 2.A. at paragraph 2. For purposes of assessing the presence of diversity, the citizenship of an individual is a citizen of the state in which they are domiciled with intent to remain. *Sun Printing & Ass'n v. Edwards*, 194 U.S. 377, 383 (1904). Further, an averment that the plaintiff is a resident of a state is sufficient averment of citizenship in that state for the purpose of giving jurisdiction to a federal court. *Id*. at 382. Therefore, Plaintiffs are citizens of Texas for the purpose of determining diversity jurisdiction.

    **2.**    **Citizenship of the Defendant**

13.    MERIDIAN is a foreign corporation organized under the laws of the State of Indiana with its principal place of business in the state of Indiana. Hence, MERIDIAN is completely diverse as to the Plaintiffs.

14.    For the purposes of establishing diversity, an incorporated entity is considered a citizen of the state of incorporation and citizen of the state in which it maintains its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Therefore, MERIDIAN is a citizen of the state of Indiana for purposes of establishing citizenship. Because it is <u>not</u> a citizen of the State of Texas, MERIDIAN may properly remove the State Court Action under 28 U.S.C. § 1441(b)(2).

**B.**
**Amount In Controversy Exceeds $75,000**

15.    In their Original Petition, the Plaintiffs affirmatively seek "monetary relief less than $250,000.00, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." See Plaintiffs' Original Petition filed herewith as Exhibit 2.A. at paragraph 69.

16.    Furthermore, the Plaintiffs seek to recover court costs, attorney's fees provided by statute, and additional damages of three times Plaintiffs' actual damages under the Insurance

Code and DTPA. See Plaintiffs' Original Petition filed herewith as Exhibit 2.A. at paragraph 64.

17. Under § 541.152(b) of the Texas Insurance Code, "on a finding by the trier of fact that the defendant knowingly committed the act complained of, the trier of fact may award an amount not to exceed three times the amount of actual damages…." TEX. INS. CODE ANN. § 541.152. Under the DTPA § 17.50(b)(1), a consumer who prevails may obtain "the amount of economic damages found by the trier of fact. If the trier of fact finds that the conduct of the defendant was committed knowingly, the consumer may also recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of economic damages; or if the trier of fact finds the conduct was committed intentionally, the consumer may recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of damages for mental anguish and economic damages…." TEX. BUS. & COM. CODE ANN. § 17.50

18. Therefore, the petition on its face, which explicitly seeks recovery of an amount less than $250,000.00 and asserts claims under statutes that provide for treble damages and attorneys' fees, if Plaintiffs' allegations are proven, demonstrates an amount in controversy facially exceeds $75,000, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332, and this removal is proper.

19. Removal to the Western District of Texas, San Antonio Division is proper because the state court action is pending in Medina County, which is part of the Western District.

## VI. ADDITIONAL DOCUMENTS FILED IN SUPPORT OF THE REMOVAL

20. Pursuant to 28 U.S.C. § 1446(a) governing removals, the following materials are being filed with this Notice of Removal:

- Form JS-44, Civil Cover Sheet
- Exhibit 1: All Executed Process in the Case

- Exhibit 2: Pleadings in the State Court Case

- Exhibit 3: Orders Signed in the State Court Case (None)

- Exhibit 4: State Court Docket Sheet

- Exhibit 5: Index of Matters being Filed with the Notice of Removal

- Exhibit 6: List of All Counsel of Record

21. Pursuant to 28 U.S.C. § 1446(d), MERIDIAN will provide prompt written notice to the Plaintiffs of the filing of this Notice of Removal and will file a notice with the Clerk of the 454th Judicial District Court in Medina County, Texas, where the State Court Action was initially filed.

## VII. CONCLUSION AND PRAYER

22. Complete diversity of citizenship is present between the Plaintiffs and the Defendant, MERIDIAN. In addition, the Plaintiffs' pleadings establish that the amount in controversy clearly exceeds $75,000, exclusive of interest and costs. Furthermore, this removal is timely in all respects. This honorable Court therefore may exercise its federal diversity jurisdiction under 28 U.S.C. §1332.

23. Defendant MERIDIAN SECURITY INSURANCE COMPANY therefore respectfully prays that the Court entertain its federal diversity jurisdiction over this matter.

Respectfully submitted,

PHELPS DUNBAR LLP

By: /s/ *Clinton J. Wolbert*
Clinton J. Wolbert
State Bar No. 24103020
Katherine B. Wilson
State Bar No. 24096034
910 Louisiana St. Suite 4300
Houston, Texas 77002
Telephone: (713) 626-1386

Facsimile: (713) 626-1388  
Email: Clinton.wolbert@phelps.com  
Email: Katherine.wilson@phelps.com  
**ATTORNEYS FOR DEFENDANT,**  
**MERIDIAN SECURITY INSURANCE**  
**COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been served this 4th day of April 2023 to the following counsel of record by *Electronic Filing*:

| | |
|---|---|
| Chad T. Wilson | *Vía ECF/Email:* eservice@cwilsonlaw.com |
| Patrick C. McGinnis | *Vía ECF/Email:* pmcginnis@cwilsonlaw.com |
| CHAD T. WILSON LAW FIRM, PLLC | |
| 455 East Medical Center Blvd., Suite 555 | |
| Webster, Texas 77598 | |
| *Attorneys for Plaintiffs* | |

/s/ *Clinton J. Wolbert*  
Clinton J. Wolbert