UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DON THOMISON, JESSICA THOMISON, | |
| *Plaintiffs*, | |
| v. | Case No. SA-23-CV-00411-JKP |
| MERIDIAN SECURITY INSURANCE COMPANY, | |
| *Defendant*. | |

## MEMORANDUM OPINION AND ORDER

Defendant Meridian Security Insurance Company's (Meridian) Motion for Summary Judgment. *ECF Nos. 23,26*. Plaintiffs Don Thomison and Jessica Thomison (the Thomisons) responded. *ECF Nos. 25*. Upon consideration, the Court concludes the Motion shall be **GRANTED IN PART and DENIED IN PART**. The causes of action of breach of contract and violation of the Texas Prompt Payment Act remain.

**Factual Background**

The Thomisons brought suit following an insurance coverage dispute arising under a homeowners insurance policy (the Policy) Meridian issued with a policy period effective from July 27, 2020, to July 27, 2021.[1] The Policy covers damage caused by hail, but excludes cosmetic damage, mechanical damage, wear and tear, and latent defects. The Thomisons contend that in May of 2021, they experienced an interior water leak in their kitchen. After noticing the interior leak, the Thomisons applied a sealant to the roof; however, the leak continued. The Thomisons

---

[1] Meridian also renewed the Policy, with a term of July 27, 2021, to July 27, 2022; however, this renewed policy is not implicated in this suit.

did not submit a claim for coverage until June 15, 2022, under the Policy that expired on July 27, 2021, for hail damage to their home and to recover interior repairs that they contend was caused by a hailstorm that occurred on April 28, 2021.[2]

Upon receipt of the insurance claim, Meridian retained Rodger Kuykendall with SeekNow, who inspected the Thomison's home (the Property) on July 5, 2022. Kuykendall concluded there was no wind or hail damage found on any slopes of the roof, but there was damage to roof accessories. Meridian also retained independent adjuster, Ryan Snead with Alacrity Solutions to inspect the property on July 12, 2022. Snead also concluded the roof did not appear to have any damage from wind or hail on any of the slopes, but he observed some collateral damage consistent with hail, including the roof-mounted cap vents, a window screen, three window mounted AC units, interior water damage to the ceiling in the kitchen, and damage to the roof of the detached shed. Snead prepared an estimate of covered damages with an Actual Cost Value of $2,101.77.

Following review and consideration of the findings from the inspections, on September 28, 2022, Meridian sent the Thomisons a letter which explained Meridian's payment of $1,101.77. The Thomisons disagreed with Meridian's coverage determination and filed suit on March 30, 2023, asserting causes of action for breach of contract, violation of Texas Insurance Code § 541.060(a) based upon unfair settlement practices, violation of the Prompt Payment of Claims Act under Texas Insurance Code §542.060, breach of the duty of good faith and fair dealing, and violation of the Texas Deceptive Trade Practices Act. Meridian now files this Motion for Summary Judgment on all asserted causes of action.

## Legal Standard

---

[2] The Thomisons contend Meridian assigned a loss date of May 11, 2021.

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[3] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party

---

[3] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

**Discussion**

1) **Breach of Contract Cause of Action**

Meridian contends it is entitled to summary judgment on the breach of contract cause of action because the Thomisons cannot establish "any covered damage occurred within the Policy Period, July 27, 2021, to July 27, 2022." Specifically, Meridian argues the Thomisons' breach of contract cause of action fails because some portion of the alleged damages occurred outside the Policy Period and is, therefore, a non-covered loss. Meridian contends the Thomisons cannot allocate their damages between what occurred outside the Policy Period and what occurred inside the Policy Period of July 27, 2021, to July 27, 2022. Because they cannot apportion these alleged damages, Meridian contends it is entitled to summary judgment on the breach of contract cause of action.

The Thomisons respond they did not submit their coverage claim, as Meridian contends, under the Policy with a term from July 27, 2021, to July 27, 2022, nor do they seek damages for breach of contract of a policy with this term. Instead, the Thomisons contend they submitted a claim for coverage under the Policy with a term from July 27, 2020, to July 27, 2021, and seek damages for breach of contract of this Policy. For this reason, the Thomisons contend Meridian's Motion for Summary Judgment on the breach of contract cause of action must fail, and therefore, should be denied.

Review of the Thomisons' Original Petition filed in state court reveals they brought suit following an insurance coverage dispute arising under the policy Meridian issued with a policy period effective from July 27, 2020, to July 27, 2021. *ECF No. 1-3, pars. 7, 38-39*. Meridian's Motion for Summary Judgment on the breach of contract cause of action is based solely on the argument that because the Thomisons "cannot establish any covered damage occurred with the

Policy period, [it] is entitled to summary judgment. Texas law requires [the Thomisons] to show that the property damage for which it seeks recovery occurred during the policy period, July 27, 2021 to July 27, 2022." *ECF No. 23, pp. 7-8.*

Because Meridian's Motion for Summary Judgment on the breach of contract cause of action is based upon a different policy with a term different than the specific policy upon which the Thomisons base their suit, Meridian's argument fails, and it cannot satisfy its summary judgment burden of proof. Meridian's Motion for Summary Judgment on the breach of contract must be denied.

### 2)  Breach of Duty of Good Faith and Fair Dealing ("Bad Faith")[4]

First, Meridian contends it is entitled to summary judgment on the Thomisons' remaining "extra-contractual" causes of action because it is entitled to summary judgment on the breach of contract cause of action. *ECF No. 23, pp. 11-12.* This argument must fail because the Court denies summary judgment on the breach of contract cause of action.

Next, in the alternative, Meridian contends it is entitled to summary judgment on the bad faith cause of action because the most the evidence shows is a bona fide dispute over coverage, which precludes a bad faith cause of action as a matter of law. The Thomisons respond that Meridian may not avoid liability for its bad faith by relying solely on expert reports of those it hired to defend the insurance claim. The Thomisons then present argument to discredit the expert report upon which Meridian relied.

An insurer holds a duty to deal fairly and in good faith with its insureds. *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995); *Bates v. Jackson Nat'l. Life Ins. Co.*, 927 F.Supp. 1015, 1021 (S.D. Tex. 1996). An insurer breaches this duty if it "knew or should have known that it was reasonably clear that the claim was covered." *Universe Life Ins. Co. v. Giles*,

---

[4] Typically, a cause of action asserting breach of good faith and fair dealing is referred to colloquially as a "bad faith claim."

950 S.W.2d 48, 50-51 (Tex. 1997); *United States Fire Ins. Co. v. Williams,* 955 S.W.2d 267, 268 (Tex. 1997). Consequently, under this reasonably-clear standard, "an insurer breaches its duty of good faith and fair dealing by denying a claim when the insurer's liability has become reasonably clear." *State Farm Fire & Cas. Co. v. Simmons,* 963 S.W.2d 42, 44 (Tex. 1998); *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997); *see also Douglas v. State Farm Lloyds*, 37 F.Supp.2d 532, 537 (S.D. Tex. 1999).

This determination of bad faith does not focus on whether the insured's coverage claim was valid, but, instead, on the reasonableness of the insurer's conduct in rejecting the claim. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997). "As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith." *Id*. Consequently, facts and evidence that show only a bona fide coverage dispute do not rise to the level of bad faith to impose liability. *Simmons,* 963 S.W.2d at 43; *Williams,* 955 S.W.2d at 268; *Nicolau,* 951 S.W.2d at 448; *Douglas*, 37 F.Supp.2d at 537.

Similarly, an insurer is obligated to adequately investigate a claim before denying it. *Giles*, 950 S.W.2d at 56 n.5. "An insurer will not escape liability merely by failing to investigate a claim so that it can contend that liability was never reasonably clear. Instead, we reaffirm that an insurance company may also breach its duty of good faith and fair dealing by failing to reasonably investigate a claim." *Id*. "The scope of the appropriate investigation will vary with the claim's nature and value and the complexity of the factual issues involved." *Simmons*, 963 S.W.2d at 44–45. If an insurer fails to conduct a reasonable investigation, it cannot assert that a bona fide coverage dispute exists. *Id*. An insurer fails to reasonably investigate a claim if the investigation is conducted as a pretext for denying the claim, was conducted with an "outcome oriented" approach, or an expert's report was not objectively prepared. *See, e.g., Nicolau*, 951 S.W.2d at 458; *Simmons*, 963 S.W.2d at 44-45.

Although the issue of reasonableness of a party's conduct is usually a question of fact for the jury, a court may determine as a matter of law that undisputed facts and/or record evidence

7

establish an insurer had a reasonable basis to deny or delay a claim payment, that is, show only a bona fide coverage dispute. *See Alvarez v. State Farm Lloyds*, No. SA-18-CV-01191, 2020 WL 1033657, at *4 & n.2 (W.D. Tex. Mar. 2, 2020). If the insurer satisfies this summary judgment burden to show a bona fide coverage dispute, the burden shifts to the insured to present evidence which raises a genuine dispute of material fact whether the insurer had a reasonable basis to deny or delay a claim payment, or the insurer conducted the investigation as a pretext for denying the claim, the investigation was conducted with an "outcome oriented" approach, an expert's report was not objectively prepared, or evidence casting doubt on the reliability of the insurer's expert's opinions upon which it relied to show a bona fide dispute. *Nicolau*, 951 S.W.2d at 458; *Simmons*, 963 S.W.2d at 44-45.

Accordingly, to support its Motion for Summary Judgment on the Thomisons' bad faith cause of action, Meridian must present undisputed facts and/or evidence that establish it had a reasonable basis for denying or delaying payment on the Thomisons' coverage claim, that is there was a bona fide dispute as to coverage. Meridian contends the undisputed evidence and the timeline of when the alleged damage occurred (April 2021) to when the Thomisons submitted the claim (June 15, 2022) shows this case involves a bona fide dispute as to the origin of any alleged damage to the Thomisons' property and the extent of any covered damage. To support this argument, Meridian presents evidence of its inspectors' investigatory assessments, both parties' litigation-retained engineers' assessments, and the undisputed case file correspondence. *See ECF No. 23, exh. D, Bill Worsham deposition; exh. K, Eric Moody Report; exh. L, Bill Worsham Report; exhs. E, F, G, H, I, J, M, case file*.

Meridian's litigation-retained engineer Eric Moody, from Moody Engineering, conducted a forensic engineering investigation of damage to the Thomisons' home on August 22, 2023. Following inspection of the property and review of Worsham's report, Moody concluded the Property did not show any evidence of damage or loss associated with hail or high winds; however, there was minor hail-related damage to the cooling fins of some HVAC condensors; the composition shingles on the detached shed had significant age-related wear and tear and granule

8

loss associated with hailstone strikes; the metal panel roofs over the media room and carport did not show damage due to hailstone impacts; the roof showed no storm damage or a wind created opening that would have allowed water to infiltrate to the interior; the damaged ceiling drywall at the kitchen occurred in the vicinity of the transition flashing at the low sloped roof over the enclosed patio, and the water infiltration in this area was likely the result of a construction defect in the flashing in this area; the water infiltration of the dwelling at the north addition was the result of defective wall flashing; the damaged drywall at the hallway was likely the result of differential movement in the supporting foundation and/or long-term shrinkage in the timber framing. Based upon these findings, Moody concluded nothing supported a finding that the laminate composition shingle roof on the dwelling should be removed and replaced as a result of storm damage, and "the absence of any granule loss, bruising, or storm-related damage to the laminate composition shingle roof at the Thomison residence is consistent with the available severe weather data which did not indicate any large hail occurring at this loss location on April 28th, 2021, May 11th, 2021, April 28th, 2022, or any subsequent date." *ECF No. 23, exh. K, Eric Moody Report*.

      Meridian also presents the report and deposition of the Thomisons' litigation-retained engineer, William Worsham. Worsham testified in his deposition "there was evidence of hail… from more than one event… and the weather data… collect[ed] also supported the possibility that there were other dates of loss." *ECF No. 23, exh. D, Worsham deposition, p. 54*. Specifically, Worsham testified he determined from his weather research "there was potentially some damage from events that could have dated back… seven or eight years or more." *Id*. Worsham concluded that "maybe 25 percent" of the roof shingles at the Property were damaged by hail, including the hail events that occurred prior to the Policy period, and his "repairs recommended… may coincidentally repair damage that may have resulted from other causes or other dates of loss." *Id*. at p. 91; *ECF No. 23*, exh. L, Worsham Report, p. 6. Finally, in his report following inspection dated July 23, 2023, Worsham concluded there were other causes of loss including "wear and tear, tree rub, and biological growth" which contributed to the roof damage. *Id*. at p.3.

Worsham does not apportion the perceived damage from the hailstorm that occurred with the Policy period from those occurring outside the Policy period.

The undisputed case file correspondence reveals the procedural history of the parties' investigation of the Thomisons' insurance claim and the actions and discussions of the parties during Meridian's investigation and determination of liability. The undisputed chronology, itself, reveals the Thomisons submitted the claim for coverage for damage caused by a hailstorm that occurred on April 11, 2021, over one (1) year later on June 15, 2022. This delayed submission for coverage, impliedly created reasonable delay and a reasonable need to inspect and determine the cause and timing of any alleged property damage. This undisputed chronological history reveals Meridian sent the first inspector to the Property within two (2) weeks of the Thomisons' submission of the insurance claim, sent another inspector shortly thereafter, and completed its investigation by September 28, 2022, within 3.5 months of the Thomisons' claim submission. *ECF No. 23, exhs. E, F, G, H, I, J, M*.

Meridian relies upon Moody's report, Worsham's concessions, as well as the undisputed facts and the procedural investigation of the Thomisons' insurance claim to establish a reasonable basis for any alleged delay and eventual payment based upon the parties' dispute as to the cause, timing, and the extent of damage caused by the subject hailstorm. Upon review of this evidence, the Court concludes these competing engineer reports, the Thomisons' engineer Worsham's conclusion of possible causes of damage other than hail, and the undisputed correspondence evidence reveals Meridian promptly investigated the Thomisons' insurance claim when submitted and held a reasonable basis to delay payment. With this undisputed record evidence, Meridian adequately shows the parties held a bona fide dispute as to the cause of the alleged damage and extent of coverage. *See Alvarez v. State Farm Lloyds*, 2020 WL 1033657, at *4; *see also Giles*, 950 S.W.2d at 56, n.5.

With this showing, Meridian satisfies its summary judgment burden. The burden shifts to the Thomisons to present summary judgment evidence to raise a genuine dispute whether Meridian's inspectors or adjustor conducted an unreasonable investigation, that is, whether Meridian

10

conducted its investigation as a pretext for denying full payment of its liability on the claim or with an "outcome oriented" approach to underestimate the extent of damage or cost of repair. *See Nicolau*, 951 S.W.2d at 458; *Simmons*, 963 S.W.2d at 45.

In response, the Thomisons present only argument to discredit Moody's report and conclusions upon which Meridian relied to dispute coverage. *ECF No. 25, pp. 9-12*. The Thomisons contend Moody's report is inherently unreliable, and because Moody relied on unreliable information to reject Worsham's conclusions supporting coverage, "there is evidence that it was not reasonable for [Meridian] to rely on its expert report to make its determination." *Id. at p. 12*. With this argument, only, and no supporting evidence or authority, the Thomisons do not satisfy their burden to raise a genuine dispute whether Meridian acted with bad faith in assessing the origin of the alleged damage to the Property or the extent of coverage for the alleged damages. *See Alvarez*, 2020 WL 1033657, at *4. To satisfy their burden, the Thomisons must present evidence, more than argument alone, that Meridian conducted its investigation as a pretext for denying full payment of its liability on the claim or with an "outcome oriented" approach to underestimate the extent of damage or cost of repair. *See Nicolau*, 951 S.W.2d at 458; *Simmons*, 963 S.W.2d at 45.

Therefore, the Court concludes the undisputed facts and undisputed evidence reveal that at the time Meridian reviewed, investigated, and ultimately assessed its liability on the Thomisons' insurance claim, it had a reasonable basis for delaying payment as a matter of law due to the Thomisons' delay in reporting any covered damage, the initial assessments of non-coverage, the conflicting engineer reports, and the retrospective concessions made by the Thomisons' engineer. Consequently, Meridian's Motion for Summary Judgment will be granted as it pertains to the bad faith cause of action.

> 3) **Violation of §541 of the Texas Insurance Code: Unfair Insurance Practices and Violation of Texas DTPA**

Causes of action that share the same predicate for recovery as a bad faith cause of action include violation of §541 of the Texas Insurance Code based upon unfair insurance practices and violation of the Texas Deceptive Trade Practices Act. *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002); *Alvarez*, 2020 WL 1033657, at *3. Therefore, if a court finds as a matter of law that an insurer held a reasonable basis for denial of an insurance claim, a cause of action asserting unfair practices in violation of §541 of the Texas Insurance Code and a cause of action for violation of the DTPA are precluded as a matter of law. *Higginbotham*, 103 F.3d at 460; *Watson v. State Farm Lloyds*, 56 F.Supp.2d 734, 736 (N.D. Tex. 1999). That is, "an insured may not prevail on claims under article 21.21 of the Texas Insurance Code or the Texas DTPA if the court concludes that the insured has no cause of action for breach of the duty of good faith and fair dealing." *Higginbotham*, 103 F.3d at 460; *Watson*, 56 F.Supp.2d at 736; *Giles*, 950 S.W.2d at 49.

As discussed, this Court concluded as a matter of law that Meridian held a reasonable basis for delay and denial of the Thomisons' insurance claim. Consequently, the Thomisons' causes of action asserting unfair practices in violation of §541 of the Texas Insurance Code and cause of action for violation of the Texas DTPA are precluded as a matter of law. *Higginbotham*, 103 F.3d at 460; *Watson*, 56 F. Supp.2d at 736. Summary judgment is granted on these causes of action.

    4)  **Violation of the Prompt Payment Act**

Meridian asserts it seeks summary judgment on "all extra-contractual" causes of action; however, it presents no specific argument in support of summary judgment on the Thomisons' cause of action for violation of the Texas Prompt Payment Act. Without any evidence, or specif-

ic argument, the Court finds Meridian did not satisfy its burden to prove entitlement to summary judgment on this cause of action.

## Conclusion

For the reasons stated, the Court **GRANTS IN PART** Meridian's Motion for Summary Judgment as it pertains to the Thomisons' causes of action of violation of its duty of good faith and fair dealing, violation of §541 of the Texas Insurance Code based upon unfair insurance practices, and violation of the Texas DTPA. Accordingly, these causes of action are dismissed. The Court **DENIES IN PART** Meridian's Motion for Summary Judgment as it pertains to the Thomisons' causes of action of breach of contract and violation of the Texas Prompt Payment Act. These two causes of action remain.

It is so ORDERED.
SIGNED this 9th day of April, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE